CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
April 22, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:19CR00049 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **HUNTER ROYAL,** ) | J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> |
| ) | |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Hunter Royal, previously sentenced by this court, has filed a motion for compassionate release. For the reasons that follow, his motion will be denied.[1]

I.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13

---

[1] Royal filed his motion without the assistance of an attorney, and the court then appointed the Federal Public Defender to represent him. The Federal Public Defender has advised the court that no supplemental motion will be filed. The government opposes the motion and has filed a response to the pro se motion.

(U.S. Sent'g Comm'n 2024). But even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450 (W.D. Va. 2024).

II.

Royal was sentenced by this court in March 2021 for persuading, inducing, enticing, and coercing minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, in violation of 18 U.S.C. § 2251(a), (c)(1)(e). He was sentenced to 324 months' imprisonment. J., ECF No. 77. Royal has filed the present motion seeking compassionate release based on his mental illness; his belief that incarceration will not improve his mental illness; his diminished capacity; his aberrant behavior; ineffective assistance of counsel; a disparity in sentencing; and his home plan.

Royal is now 27 years old and his current prison release date is October 18, 2042.

III.

Section 1B1.13 provides that a sentence reduction may be permitted by "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A).

However, Royal has not made the requisite showing to be eligible under Section 1B1.13.

His first argument concerns his mental illnesses. Royal argues that he should have his sentenced reduced because of his bipolar disorder, oppositional defiant disorder, ADHD, an IQ of 65, and the deterioration of his mental health as a result of COVID-19. USSG § 1B1.13(b)(1)(B) enumerates as extraordinary and compelling reasons a defendant suffering from a serious medical condition or cognitive impairment that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Alternatively, another reason includes that the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C). However, Royal's competency was determined before he entered his plea agreement. Order, ECF No. 49. And his sentencing was informed by his presentence investigation report, which described his mental health and included the disorders he raises in this motion. PSR 18, ECF No. 58. I evaluated these factors when I sentenced Royal, and they do not constitute extraordinary and compelling reasons for relief.

Royal's second argument is that he is not receiving treatment for his mental health issues while incarcerated. However, he has not demonstrated that any

specialized care he may need is not being provided, which is a factor of § 1B1.13(b)(1)(C). He makes only a conclusory allegation that he is not receiving the treatment he needs, which is insufficient to demonstrate an extraordinary and compelling reason.

Third, Royal contends that his "diminished capacity" is a mitigating factor because it was a "core component of the crime." Mot. Compassionate Release 10, ECF No. 110. However, as I did with multiple of the arguments he raises now, I evaluated this contention following Royal's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *United States v. Royal*, No. 1:19CR00049, 2023 WL 3721204, at *6 (W.D. Va. May 30, 2023). Because I have already considered this issue in sentencing him and in denying his § 2255 motion, I find that for the same reasons it does not constitute an extraordinary and compelling reason.

Fourth, Royal argues that his conviction reflects "aberrant behavior" that consisted of "only one criminal act of limited duration without significant planning" and was "wildly out of character" with his "otherwise law-abiding life." Mot. Compassionate Release 11, ECF No. 110. But this is not an enumerated reason in the Sentencing Guidelines, nor is it "similar in gravity" to any of the enumerated reasons. § 1B1.13(b)(5). Furthermore, following Royal's arrest for the conduct at issue here, he attempted to destroy the evidence showing that he had victimized

multiple minors. PSR 8, 9–10, ECF No. 58. His argument does not qualify as an extraordinary and compelling reason.

Royal's fifth contention is that he had ineffective assistance of counsel, because his counsel did not "bring up the option of Mr. Royal entering a Mental Health Facility." Mot. Compassionate Release 13, ECF No. 110. He contends, among other things, that his counsel told him he would receive a maximum sentence of 15 years and did not advise him that he would be unable to appeal his conviction. Again, however, I considered these points in my opinion considering his § 2255 motion. For the same reasons, I reject them here.

Sixth, Royal argues that he received a disparate sentence. He identifies eight people who received shorter sentences than him but had the same charge. Mot. Compassionate Release 15, ECF No. 110. As the government points out, however, Royal's guideline range was 324 months to 360 months based on a total offense level of 41 and a criminal history category of I. PSR 20, ECF No. 58. He was sentenced to the low end of the range. This does not rise to the level of an extraordinary or compelling reason.

Lastly, Royal argues that he has an excellent home plan. However, this is not an enumerated reason for compassionate release and does not, in combination with any other factor, justify relief.

Even if Royal had shown extraordinary and compelling reasons, a consideration of the § 3553(a) factors would convince me not to grant relief. While Royal certainly has deficiencies, these traits likely make him harder to deter. The need to protect others, which is one of the § 3553(a) factors, weighs heavily in this case. 18 U.S.C. § 3553(a)(2)(C). His added maturity and careful supervision upon his projected release will hopefully deter him from further crimes.

IV.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 110, is DENIED.

ENTER: April 22, 2025

/s/ JAMES P. JONES
Senior United States District Judge